UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WAYNOAKA DRAKE** | **CASE NO. 24-cv-1197** |
| -vs- | **JUDGE DRELL** |
| **WAL-MART STORES, INC.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### RULING

Before the court is Walmart, Inc's ("Walmart") motion for summary judgment (Doc. 26) in which it seeks dismissal of all claims asserted against it by plaintiff, Waynoaka Drake. Ms. Drake opposes the motion. Briefing is complete, and this matter is ripe for consideration.

For the reasons set forth herein, the motion for summary judgment will be GRANTED.

I.  Relevant Facts

On January 25, 2024, at approximately 5:20 P.M., Ms. Drake arrived at Walmart Supercenter in Pineville, Louisiana. Upon entering the store, she grabbed a shopping cart and headed to look for a battery. Thereafter, she perused the clearance section. She then walked toward the front of the store and made her way down the stationary aisle. It was in this aisle that Ms. Drake's feet became entangled in a piece of plastic,[1] and she fell to the floor. As a result of the fall, Ms. Drake suffered a broken hip and femur.

---

[1] Ms. Drake identified the piece of plastic as the plastic strap that is placed around boxes of copy paper.

Ms. Drake initially filed her lawsuit in the 9th Judicial District Court, Parish of Rapides, State of Louisiana. Walmart removed the matter to this court, and on November 17, 2025, she filed the instant motion for summary judgment.

II.   Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011)(internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

III.   Law and Analysis

Ms. Drake's claims are brought pursuant to the Louisiana Merchant Liability Act, Louisiana Revised Statute §9:2800.6. The relevant portion of the statute provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

La.R.S. 9: 2800.6. Plaintiff bears the burden of proof, and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

Walmart contends Ms. Drake cannot carry her burden of proving the second element: that Walmart either created or had actual or constructive notice that the piece of plastic was on the ground prior to Ms. Drake's trip and fall. We start with the question of whether there is a genuine dispute of material fact as to whether Walmart created the hazard.

> It is evident that for the defendant to have "created" the hazardous condition, it must be "directly responsible" for the plaintiff's injuries... . That direct responsibility can be shown in one of two ways- either via evidence that the defendant's employees created the hazard (by, for example spilling crab salad on the floor, as was alleged in Ross) or evidence that the defendant was responsible for maintaining the area where the hazardous condition was manifest, as in Savoie and Gray.[2]

---

[2] In Savoie v. Southwest Louisiana Hospital Assoc., Etc., 866 So.2d 1078, the Louisiana Third Circuit Cout of Appeal found defendants "caused" the hazard by over waxing the floors, and in Gray v. Wal-Mart La., LLC, 484 F. App'x 963, 966 (5th Cir. 2012, the Federal Fifth Circuit Court of Appeals found summary judgment should not be

Deshotel v. Wal-Mart La., LLC, 850, F.3d 742, 747-48 (5th Cir. 2017) (internal citations omitted). Plaintiff must point to evidence, absent of speculation, that suggests the defendant created the hazardous condition. Gray, 484 F. App'x at 966.

Ms. Drake acknowledges she does not know how the piece of plastic made its way onto the floor. However, she points to Walmart's answers to interrogatories and deposition testimony of its employees to establish the following: (1) Walmart does not deny that the piece of plastic came from one of their boxes of copy paper; (2) Walmart cannot identify a third party who created, caused, or contributed to the hazard; and (3) Walmart employees are solely responsible for stocking copy paper, either at night or in the morning. She then concludes that, based upon these three facts, the piece of plastic was removed from a box of copy paper by a Walmart employee when he/she was restocking paper, and the employee failed to throw the piece of plastic away. In response, Walmart cites the deposition testimony of several of its employees who testified that they did not know how the piece of plastic came to be on the floor, and that it could have been a customer who created the hazard.

Neither the statements relied upon by Ms. Drake nor the conclusion she reached regarding how the piece of plastic came to be on the floor establish a genuine question of fact as to creation of the hazard. The fact Walmart stocks paper either at night or in the morning, does not necessarily mean that Walmart did so the night before or the morning of the trip and fall. Ms. Drake has not presented evidence of the last time Walmart stocked paper, which employee was responsible for doing so, and/or whether it stocked boxes of paper, single reams, or both. Although her theory as

---

granted where there was no evidence showing that either Walmart or its's employees caused the hole in the roof or were responsible for maintaining the roof.

4

to how the piece of plastic came to be on the floor is plausible, it is just that, a theory. And speculation is insufficient to establish a genuine issue of material fact.

We now move to the question of whether Walmart had actual or constructive notice of the hazard. As previously stated, Ms. Drake does not know how the piece of plastic ended up on the floor, and she did not identify any Walmart employee who knew a piece of plastic was on the floor. Thus, she cannot prove Walmart had actual notice of the hazard.

To prove constructive notice, Ms. Drake would need to present evidence "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). "[S]ome positive evidence is required of how long the condition existed prior to the fall." McDowell v. Wal-Mart Stores, Inc., 811 Fed.App'x 881, 884 (5th Cir. 2020); White, 699 So.2d at 1084. Simply demonstrating the existence of the hazard is insufficient." Peterson v. Brookshire Grocery Co., 751 F. App'x. 533, 535 (5th Cir. 2018) (citing White, 699 So.2d at 1084). Again, there is no evidence in the record that restocking actually took place either the evening before or the morning of the trip and fall. Nor has Ms. Drake presented statements from any witnesses who saw the piece of plastic on the floor prior to her fall. "Mere speculation that a dangerous condition could have existed for some time period 'falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial.'" Guidry v. Brookshire Grocery Co., 289 So.3d 1026, 1027 (La.2020) (quoting Babin v. Winn-Dixie Louisiana, Inc., 764 So.3d 37, 40 (La. 2000)). Thus, Ms. Drake cannot carry her burden of proving Walmart had constructive notice of the hazard.

IV. Conclusion

As Ms. Drake is unable to carry her very heavy burden of proving that Walmart breached the duty it owed to her as a patron pursuant to the Louisiana Merchant Premises Liability Act,

Walmart's motion for summary judgment (Doc. 26) shall be GRANTED.[3]  A judgment in conformity with this finding will be issued this date.

SIGNED at Alexandria, Louisiana this 12th day of February 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] Ms. Drake raises question regarding spoliation of evidence in her memorandum in opposition to the motion for summary judgment and a subsequently filed a motion for sanctions. We do not find the arguments raised in Ms. Drake's opposition regarding spoliation of evidence create genuine issues of material fact which would prevent the court from granting this motion. The motion for sanctions will also be denied as moot.